David A. Birdsell, Trustee
216 N. Center
Mesa, Az. 85201
480-644-1080 / 480-644-1082 FAX
dab@azbktrustee.com

UNITED STATES BANKRUPTCY COURT
DISTRICT OF ARIZONA

| | |
|---|---|
| In re: ) | |
| ) | CHAPTER 7 |
| ROBERTS, DESHANDA ) | |
| ) | Case No.: 2:17-bk-02351-DPC |
| ) | |
| ) | TRUSTEE'S MOTION TO RETAIN |
| ) | ASSETS AFTER CLOSING OF THE |
| _____ ) | CASE |

David A. Birdsell, Chapter 7 Trustee, respectfully requests an order of this Court that certain property shall not be deemed abandoned pursuant to 11 U.S.C. Sec. 554(c) upon closing this bankruptcy case. This motion is supported by the following Memorandum of Points and Authorities.

## Memorandum of Points and Authorities

### Factual Background

1. On March 14, 2017, the Debtor, **DESHANDA ROBERTS** ("Debtor") filed a voluntary chapter 7 bankruptcy case.

2. David A. Birdsell was appointed Chapter 7 Trustee of the Debtor's bankruptcy estate.

3. On September 8, 2017 (Admin. Docket #25), the Trustee filed a motion for turnover of bankruptcy estate property with the Court. The Court signed the Order approving the motion for turnover on November 6, 2017 (Admin. Docket #30).

4. On July 24, 2019 (Adv. #19-ap-00267-DPC Docket #1), the Trustee filed a complaint for revocation of discharge. The Court signed the Default Judgment Order on August 31, 2020 (Adv. #19-ap-00267-DPC Docket #26).

**Legal Analysis.**

Fed R.Bankr.P. 5009 states that

> If in a chapter 7, chapter 23, or chapter 13 case the Trustee has filed a final report and final account and has certified that the estate has been fully administered, and if within 30 days no objection has been filed by the United States Trustee or a party in interest, there shall be a presumption that the case has been fully administered.

This rule supplements 11 U.S.C. Sec. 350, which states that after an estate is fully administered and the court has discharged the trustee, the Court shall close the case.

The abandonment of bankruptcy estate property is governed by 11 U.S.C. Sec. 554. Section 554(c) deems abandoned any scheduled property of the estate that is not administered at the close of the case. *In re Adair*, 253 B.R. (B.A.P. 9th Cir. 2000). However, Section 554(c) provides that the Court may order otherwise. 11 U.S.C. Sec. 554(c).

The Trustee does not want to keep this case open indefinitely for a Turnover Order and Judgment that may not be collected for years, if ever. Therefore the trustee respectfully requests that this Court order, pursuant to 11 U.S.C. Sec. 554, that the Turnover Order and Judgment is not deemed abandoned by the closing of this case and remains property of this bankruptcy estate pursuant to 11 U.S.C. Sec. 541.

WHEREFORE, the Trustee requests that this Court enter its Order as follows:

A. The Judgment and Turnover Order against **DESHANDA ROBERTS** is property of this bankruptcy estate pursuant to 11 U.S.C. Sec. 541;

B. The Judgment and Turnover Order shall not be deemed abandoned by the closing of this case pursuant to 11 U.S.C. Sec. 350 and 554(c) and Fed.R.Bankr.P. 5009, but shall remain property of the bankruptcy estate until further Order of this Court;

C. Upon closing of this case this Court shall retain jurisdiction over the Judgment and Turnover Order, and if the Judgment and Turnover Order is determined to later have value to this bankruptcy estate, the Trustee may move for an order to reopen this bankruptcy case to administer the Judgment and Turnover Order, and such an order shall be issued without delay.

Respectfully submitted this 7th of September 2020
David A. Birdsell, Chapter 7 Trustee

By: */s/ David A. Birdsell*
David A. Birdsell, Chapter 7 Trustee

Copies sent to:

**DESHANDA ROBERTS**
6917 N 71ST AVENUE #1104
GLENDALE, AZ 85303